

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-4647
Re: Under the facts submitted does
the county have the authority
to pay the jail guard, injured
in the course of employment,
approximately one month's salary
which he lost by reason of such
incapacitation?

Your letter of June 10, 1942, requesting the opinion of this department on the above stated question reads as follows:

"Your letter to me dated June 5th, complying with my request of June 5th, was accompanied by a copy of your Opinion O-1876, and I thank you for your promptness. I wrote for the opinion thinking that probably it would assist me in a question I had before me, relative a jail guard in Galveston County who was injured in the course of employment; that is, he slipped and fell and injured his shoulder and lost one month's pay. I note from the copy of the opinion you sent to me, seems to authorize the payment of a deputy county clerk in the absence of such deputy from employment due to sickness or vacation for a reasonably length of time.

"In the Galveston County budget, among other items covering the Sheriff's department, is one which provides for six jail guards and, of course, the salaries to be paid them in accordance with the Statute. One of the jail guards, as aforesaid, while in the course of his duties in the jail, slipped and fell over a drain and dislocated his shoulder and, during the entire time he

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

was off duty account the jury, the Sheriff put a man in his place, and the County Auditor, probably correctly, refuses to allow the month's pay to the jail guard who was injured, the pay having gone that month to the man whom the Sheriff had in the place of the injured jail guard.

"Your opinion #0-1876, which I thought would help me, does not indicate whether the deputy county clerk referred to in the opinion was replaced by another clerk who served while he was ill, which makes the situation a little bit different as respects the jail guard while incapacitated by the injury and in whose place the county paid another person.

"So far as vacations of a jail guard is concerned, the statute provides that and they get two (2) weeks vacation with pay. I have been requested to write you and get your opinion as to whether the county has authority to pay the jail guard, injured in the course of employment, approximately one month's pay which he lost by reason of such incapacitation."

Article 1041, Code of Criminal Procedure, provides in part:

". . . No allowance shall be made for the board of such guard or matron, nor shall any allowance be made for jailer or turnkey, except in counties having a population in excess of forty thousand (40,000) inhabitants according to the last preceding or any future Federal Census. In such counties of forty thousand (40,000) or more inhabitants, the Commissioners' Court may allow each jail guard, matron, jailer and turnkey Four and 50/100 ($4.50) Dollars per day; provided that in counties having a population in excess of seventy-five thousand (75,000) inhabitants, and less than three hundred and fifty-five thousand (355,000) inhabitants, according to the last preceding or any future Federal Census, the Commissioners' Court of such counties may allow each jail guard, jailer, matron and turnkey a monthly salary of One Hundred Fifty ($150.00) Dollars per month; . . ."

Honorable Charles K. Theobald, Page 3

Galveston County has a population in excess of seventy-five thousand and less than three hundred fifty-five thousand inhabitants according to the last preceding Federal census.

Article 1585b, Vernon's Annotated Penal Code, reads in part as follows:

"Every member of the sheriff's department assigned to duty as jailer, jail guard, or jail matron at any county jail in any city of more than twenty-five thousand (25,000) inhabitants shall be allowed fifteen (15) days vacation in each year with pay, not more than two (2) members to be on vacation at the same time; provided that the provisions of this Section of this Act shall not be applied to any such jailer, jail guard, or jail matron in any city of more than twenty-five thousand (25,000) inhabitants, unless such member shall have been regularly employed as such jailer, jail guard, or jail matron for a period of at least one year.

"Each preceding Federal Census shall determine the population.

"The sheriff having supervision of the county jail shall designate the days upon which each jailer, jail guard, or jail matron shall be allowed to be on vacation.

". . ."

Article 689a-11, V. A. C. S., provides in part as follows:

". . . When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time

Honorable Charles K. Theobald, Page 4

to time be authorized by the Court as amend-
ments to the original budget. In all cases
where such amendment to the original budget
is made, a copy of the order of the Court
amending the budget shall be filed with the
Clerk of the County Court, and attached to
the budget originally adopted.

". . ."

The jail guard who was injured was replaced by another
guard who performed the duties and services of the injured
guard. And when the budget of Galveston County was prepared,
it is apparent under the above stated facts that the county
budget only provided compensation for six jail guards who ac-
tually served as such, and no provision was made for any addi-
tional sums to pay the compensation of any jail guard who had
been injured or unable to work for any reason except the
amount provided to pay said guards on vacation. If the
county had authority to make such provisions in its budget
(we do not deem it necessary to pass on this question for
the purposes of this opinion), as there were none made, the
county could not pay the guard who was absent from his work
due to an injury. In view of the foregoing, we respectfully
answer the above stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JUN 23, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AW:CO


APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN